UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JASON R. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:10-cv-1164-LJM-DML |
| | ) | |
| SHAWN BRILES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

Mr. Howard's request to proceed *in forma pauperis* [2] is **granted.** As explained in this Entry, however, the action filed by him must be dismissed because the complaint he has filed fails to state a claim upon which relief can be granted.

**I. Background**

**The Complaint**

Howard is a convicted offender formerly confined at the Pendleton Correctional Facility, an Indiana prison. His current address is in Attica, Indiana. He claims that he has been wrongfully arrested, prosecuted, convicted, and imprisoned. He claims that his treatment while incarcerated has violated his federally secured rights and that his action for habeas corpus relief was wrongly decided. He seeks to have his criminal conviction overturned–"cleared," as he puts it–and seeks 1½ million dollars in damages because of the unjust incarceration which has followed that conviction. The circumstances pertaining to his state court conviction are somewhat described in a habeas action Howard brought in this District, *Howard v. Stine,* No. 1:10-cv-84-WTL-DML (S.D.Ind. July 30, 2010)("the habeas action"), which was dismissed with prejudice based on Howard's unexcused procedural default.[1] The operative pleading setting forth Howard's claims is his complaint filed on September 14, 2010. The roster of defendants in this case is the following: (1)

---

[1]A court may take judicial notice of its own records. *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases).

Shawn Briles–Williamsport Town Marshal; (2) John Radar–Warren County Judge; (3) John Larson–Warren County Prosecutor; (4) William T. Lawrence–District Judge assigned to the habeas action; (5) James Martin–Deputy Attorney General in the habeas action; (6) Steve McCombs–public defender; (7) the Indiana Department of Correction–a State agency in whose custody Howard has been placed; (8) the Town of Williamsport; and (9) Warren County. The allegations touching on the claims Howard presents run from his arrest and interrogation to aspects of the prosecution, which resulted in his guilty plea, and thence to the habeas action.

**Screening**

Because Howard was a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time the action was filed, the court has screened his complaint as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 ((7th Cir. Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

All that Rule 8 of the *Federal Rules of Civil Procedure* requires is a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993). A complaint may fail to state a claim upon which relief can be granted in one of two circumstances. First, a complaint fails to state a claim if it fails to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S. Ct. at 1949. Second, "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Thompson v. Illinois Dept. of Professional Regulation,* 300 F.3d 750, 753-54 ((7th Cir. Cir. 2002).

In applying the foregoing standard, the Supreme Court continues to recognize that *pro se* pleadings are "to be liberally construed" and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)(internal quotations omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams,* 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997).

## II. Discussion

The complaint asserts claims pursuant to 42 U.S.C. § 1983. The ubiquitous § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Thus, § 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)).

As to Howard's claim seeking to have his conviction overturned, his exclusive remedy in federal court is through an action for a writ of habeas corpus. *Cochran v. Buss,* 381 F.3d 637, 639 ((7th Cir. Cir. 2004)(citing cases). Howard has sought such relief, and he may not renew that effort without the authorization of the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *Benton v. Washington,* 106 F.3d 162, 165 ((7th Cir. Cir. 1996)("Anyone who files a 'second or successive' application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .").

As to the remaining claims–for damages–for the purpose of this Entry, the court groups Howard's claims into three categories–the prosecution and conviction, Howard's imprisonment, and the habeas action.

> !	The several claims culminating with Howard's conviction in the Warren Circuit Court for sexual misconduct with a minor must be dismissed without prejudice. The reason for this is that Howard could not prevail as to such claims without impugning the validity of that conviction. This triggers the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). Where "success in a  . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck*). "[U]nder *Heck,* a § 1983 claim for damages is not cognizable (*i.e.* does not accrue) if a judgment in favor of the plaintiff on that claim 'would necessarily imply the invalidity of [the plaintiff's] conviction or sentence.'" *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 896-97 ((7th Cir. Cir. 2001)(citing  *Heck,* 512 U.S. at 487). The rule of *Heck* resolves all claims against defendants Shawn Briles, John Radar, John Larson, Steve McCombs, the Town of Williamsport, and Warren County.

! Howard's claim associated with his incarceration is asserted against the State of Indiana. The claim itself is that the Department of Correction compelled Howard to participate in certain programming related to his conviction while he was still challenging that conviction. This claim is not viable because: (1) the State of Indiana is not subject to suit in federal court under these circumstances, see *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989)(states, their agencies, and officials sued in their official capacities for damages are not "persons" under § 1983); and (2) the programming to which Howard refers is constitutionally unexceptionable. *McKune v. Lile,* 536 U.S. 24, 49 (2002) (finding that, in a case where an inmate refused to participate in a sexual abuse treatment program, certain changes in living conditions, such as restrictions in visitation privileges, reduction in wages from prison employment, and a transference from a medium security to maximum security facility program, were not "serious enough" to constitute unconstitutional compulsion); *Selig v. Young,* 531 U.S. 250, 265 (2001)(citing cases). Thus, there is no viable claim against the State of Indiana in the complaint.

! Howard's claims associated with the habeas action are barred by Judge Lawrence's judicial immunity, *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)(judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction), and by Mr. Martin's immunity as a prosecutor. *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

### III. Conclusion

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 ((7th Cir. Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). For the reasons explained above, Howard's complaint fails to meet this standard and therefore fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is now mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 ((7th Cir. Cir. 2002).

Judgment consistent with this Entry shall now issue. Howard's motion for appointment of counsel [4] is **denied as moot.**

**IT IS SO ORDERED.**

Date: 03/14/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana